IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA  DIVISION

AMBER YBARRA                                                    PETITIONER

v.                                    CIVIL No. 4:11-CV-4097

RAY HOBBS, Director,                                           RESPONDENT
Arkansas Dept. Of Corrections

## REPORT AND RECOMMENDATION

Now before the Court is Petitioner, **AMBER YBARRA's**, Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254.   ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Susan O. Hickey, District Judge for the Western District of Arkansas.  For the reasons stated below, it is the recommendation of the undersigned that the Petition, (ECF No. 1), be **DISMISSED with prejudice**.

### 1.  Procedural Background

On August 4, 2009, in the Circuit Court of Little River County, Arkansas, Petitioner pled guilty to one count of aggravated robbery and one count of second-degree battery.   ECF No. 7-1. The convictions arose from an incident wherein Petitioner stabbed her ex-husband, Enrique Ybarra, with a box cutter and stole his automobile.  ECF No. 7-2.  On that same day, Petitioner pled true to a petition to revoke her probation from an earlier conviction for aggravated assault.  ECF No. 7-1. The earlier conviction arose from an incident wherein Petitioner stabbed Donald Lee Winters with a knife.  ECF No. 7-2.    The state court sentenced Petitioner to 180 months imprisonment for aggravated robbery, 72 months imprisonment for second-degree battery, and 72 months imprisonment for aggravated assault.  ECF No. 7-1.  The sentences were ordered to run concurrently

-1-

with each other.

On September 18, 2009, Petitioner filed a petition in the state court seeking to have her sentences reduced, alleging she was unaware at the time of her guilty plea that she would have to serve 70% of any sentence imposed pursuant to Arkansas state law.[1]  ECF No. 7-3.  The state Court denied this petition on July 1, 2010.

On July 26, 2010, Petitioner filed a petition pursuant to ARK. R. CRIM. P. 37, again asserting she was unaware of the 70% rule at the time of her plea of guilty and further alleging self-defense as a defense to the charge of aggravated robbery.  ECF No. 7-5.  On August 3, 2010, the state court denied this Rule 37 petition as untimely.  ECF No. 7-6.

On November 16, 2010, Petitioner filed a petition for writ of *habeas corpus* in state court. She alleged in this petition that her guilty plea was coerced and was not in accord with the terms she had agreed to prior to her changing her plea.    The state court denied the petition on the day it was filed. ECF No. 7-7.

On February 2, 2011, Petitioner filed a petition to correct illegal sentence in state court, alleging she was intimidated and coerced at the time of her confession, and the terms she agreed to for a plea bargain were not consistent with the actual sentence imposed.   She also alleged she never had the intent to commit felony theft or employ deadly force.   The state court again denied the petition on the day it was filed.  ECF No. 7-8.

On July 1, 2011, Petitioner filed a second petition for *habeas corpus* relief in state court, and she again raised the same allegations.   ECF No. 7-9.   The state court denied this second petition

---

[1]Arkansas law provides a person convicted of a violent crime shall serve no less than 70% of the sentence imposed.  *See* ARK. CODE ANN. § 16-93-618.

on July 21, 2011.  ECF No. 7-10.

It is noted Petitioner did not file a notice of appeal for her original conviction or probation revocation.  Further, she did not seek to appeal any of the subsequent orders of the state court denying her various post-conviction motions and petitions.

**2.  Instant Petition**

On September 30, 2011, Petitioner filed the instant Petition.[2]  Petitioner admits she entered a plea of guilty to the charges set out above on August 4, 2009.  ECF No. 1 p. 1.  She also admits she did not appeal her convictions nor did she seek any review by the Arkansas appellate courts. ECF No. 1 p. 2.

Petitioner makes the following claims in the instant Petition:

a.   Her plea sentence was not pursuant to her plea bargain because she was intimidated and coerced to believe the sentence would be subject to a 50% rule rather than a 70% rule.  As a result, her sentence is excessive.  ECF No. 1 p. 6.

b.   She was forced to sign the plea agreement without being given an opportunity to read it.  ECF No. 1 p. 7.

Petitioner seeks a modification of her state-court sentence "so that her sentence is not excessive."

**3. Discussion**

**a.  One-year Statute of Limitations**:   On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The AEPDA provides that the one-year limitations period

---

[2]The Court notes September 30, 2011 is the day Petitioner signed the petition.  The Court assumes without deciding the petition was placed in the prison mail system on this day.   The Clerk actually received the Petition on October 17, 2011.

shall run from the latest of four possible situations.  Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  The United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d)(1)(A).  The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) (quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)).

The State of Arkansas has an a procedural rule which bars the appeal of a guilty plea, unless the plea was a "conditional plea" reserving the right to challenge the denial of a motion to suppress evidence. *See* ARK R. APP. P.-CRIM. 1(a) and ARK. R. CRIM. P. 24.3(b).[3] Further, a state prisoner may appeal a guilty plea to challenge the evidence presented at the sentencing hearing or to appeal the validity of the denial of a post trial motion challenging the legality of a sentence. *See Seibs v. State*, 357 Ark. 331, 334, 166 S.W.2d 16, 17 (2004). In the present case, the Petitioner pled guilty and did not reserve the right to appeal any issue. Pursuant to ARK R. APP. P.-CRIM. 1(a), there can be no appeal from a guilty plea of this nature. Accordingly, Petitioner's state court judgment became final under § 2244(d)(1)(A), on August 4, 2009, the day she pled guilty. *See Nichols,* 172 F.3d at 1072. The one-year limitations period began to run on that day. Petitioner filed the pending Section 2254 Petition on September 30, 2011, more than two years after her conviction became final. The instant Petition is therefore time-barred unless some tolling provision applies.

**b.  Statutory Tolling of the One-Year Limitation Period**:  Section 2244(d)(2) provides that the time during which a "properly filed application" for state post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The limitation period resumes when the mandate affirming the trial court's denial of post-conviction

---

[3] ARK. R. CRIM. P. 24.3 (b) states: "With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress seized evidence or a custodial statement. If the defendant prevails on appeal, the defendant shall be allowed to withdraw the conditional plea."

relief is issued by the state supreme court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007).

In this case, Petitioner filed her first request for post-conviction relief on September 18, 2009. This was a "properly filed application" for state post-conviction review. Because Petitioner's conviction became final on August 4, 2009, only forty-five (45) days ran against the AEDPA's one-year statute of limitations. This request, a motion to reduce sentence, was denied on July 1, 2010, and the one-year statute of limitations period began running again on that day.

On July 26, 2010, Petitioner filed her petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37.1. This state-court petition was dismissed by the trial court as untimely. The Petitioner did not appeal this finding to the Arkansas Supreme Court. The United States Supreme Court has addressed this precise issue and determined that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). The Eighth Circuit has followed *Pace*, holding that an untimely filed Rule 37 petition in Arkansas state court did not toll the AEDPA's one-year statute of limitations. *See Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)("We hold Walker did not properly file his Rule 37 petition within the meaning of section 2244(d)(2), and accordingly, Walker's Rule 37 petition did not toll the AEDPA's one-year statute of limitations."). Section 2244(d)(2) is inapplicable to the Rule 37.1 Petition filed on July 26, 2010. Thus, this petition was not a "properly filed application" and it did not toll the AEDPA's one-year statute of limitations.

Next, Petitioner filed a state petition for writ of *habeas corpus* on November 16, 2010. This petition was denied on the day it was filed and thus tolled the AEDPA's one-year statute of limitations for one day. As of of November 17, 2010, a total of 137 days had passed since July 1, 2010, all of which counted against the AEDPA's one-year statute of limitations. In all, a total of 182

-6-

days had run against the one-year statute of limitations as of November 17, 2010.

On February 2, 2011, Petitioner again filed a Petition to Correct an Illegal sentence in state court. The state court again denied this request on the same day it was filed and thus stopped the running of the statute of limitations for one day. The AEDPA's one-year statute of limitations began running again on February 3, 2011. Petitioner did not take further action which tolled the running of the AEDPA's one-year statute of limitations after February 2, 2011.[4] Petitioner filed the instant Petition on September 30, 2011. Given the above application of § 2244 (d)(2)'s tolling provisions, this was some 134 days after the expiration of the AEDPA's one-year statute of limitations. Thus the instant Petition is untimely unless some other tolling provision is applicable.

c. **Equitable Tolling of the One-Year Limitation Period**:    While Petitioner does not expressly raise the issue of equitable tolling of the one-year statute of limitations, the Court will address the issue. The United States Supreme court has held that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling.    *See Holland v Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010).    However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). *See, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.") *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003). "'Generally, a litigant seeking equitable tolling bears the burden of

---

[4]The Court notes Petitioner did file a second state petition for writ of *habeas corpus* on July 1, 2011. However this filing did not toll the running of the AEDPA's one-year statute of limitations, as the one-year period had already expired.

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'"   *Riddle v. Kenna,* 523 F.3d 850, 857 (8th Cir. 2008) (citations omitted).

Here, Petitioner appears to have made several attempts to pursue relief in the state courts. However, she raises no "extraordinary" circumstances which would have stood in the way of her filing a petition in this Court pursuant to § 2254.  In fact, the record shows that at all times relevant to her state post-conviction proceeding, Petitioner was in control of the circumstances.  She was aware of the rulings of the state courts and responded to those rulings with subsequent filings and requests.  She does not assert that some circumstance beyond her control made it impossible to file the instant Petition before the expiration of the one-year limitation period.  Accordingly, equitable tolling is inapplicable in this case, and the instant Petition is untimely.

**d. Petitioner Failed to Exhaust Her Available State Court Remedies**:  As noted above, Petitioner did not appeal her original guilty plea and sentence.  Further, she failed to appeal any of the orders denying her various requests for post-conviction relief to the Arkansas appellate courts. Federal law has long required a Federal *habeas corpus* petitioner to exhaust any available state-court remedy before proceeding with a his or her *habeas* peitition in Federal court.  *See  Ex parte Royall*, 117 U.S. 241 (1886).  Current exhaustion requirements are codified at 28 U.S.C. § 2254 (b)(1)(A) which states:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State;

While the requirement of exhaustion is not an absolute bar to Federal court review, *see Strickland*

*v. Washington*, 466 U.S. 668, 684 (1984), there is a strong presumption in favor of requiring a prisoner to pursue all of her available state court remedies.   *See Granberry v Greer*, 481 U.S. 129, 131 (1987).

In the instant case, Petitioner made no effort whatsoever to exhaust her available state-court remedies.  She filed multiple pleadings in state court seeking post-conviction relief, and failed to seek appellate review on any of those requests.   She offers no circumstance to excuse or explain her complete failure to exhaust her state court remedies.   Accordingly, the instant Petition should be dismissed for failure to exhaust available state-court remedies pursuant to § 2254 (b)(1)(A).

**4.  Conclusion**

For the forgoing reasons, I recommend the above-styled case be **DISMISSED with prejudice**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED this 16th  day of July 2012.**

/s/ Barry A. Bryant_____
HON. BARRY A.  BRYANT
U. S. MAGISTRATE JUDGE