IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AMBER YBARRA                                                                                        PETITIONER

VS.                                              NO. 4:11-CV-4097

RAY HOBBS, Director,                                                                            RESPONDENT
Arkansas Dept. Of Corrections

**ORDER**

Before is the Report and Recommendation filed July 16, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 12). Judge Bryant recommends dismissing the instant petition for writ of *habeaus corpus* for failure to exhaust state-court remedies and because equitable and statutory tolling do not apply to the one-year statute of limitations in this case. (ECF No. 12). Petitioner has filed objections to the Report and Recommendation. (ECF No. 13). After reviewing the record *de novo*, the Court adopts the Report and Recommendation in its entirety.

Petitioner first objects to Judge Bryant's finding that the one-year limitations period began to run on August 4, 2009, the date Petitioner pleaded guilty to aggravated robbery and battery in Arkansas state court. Petitioner argues that the limitations period did not begin to run until after her petition for reduction of sentence was denied by the state court on July 1, 2010. 28 U.S.C. § 2244(d)(1)(A) provides that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. In this case, Petitioner did not file an appeal of her guilty plea in state court. As a result, the state court judgment became final on August 4, 2009, the date of her guilty plea. The instant petition was filed on September 30, 2011, thus the petition falls well beyond the one-year limitation period and is untimely barring any appropriate tolling.

Petitioner further objects to Judge Bryant's finding that, even discounting periods to which Section 2244(d)(2)'s tolling provisions applied, the instant petition was filed 134 days after the expiration of the limitations period.  Section 2244(d)(2) provides that the time during which a "properly filed application" for state post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  Petitioner properly filed various applications for state post-conviction review.  Each of the applications were denied by the state court. Judge Bryant carefully considered each time period that was to be tolled due to Petitioner's applications for post-conviction review and found that the present petition was filed more than four months after the expiration of the limitations period.  Petitioner does not specifically object to the legal basis for any of Judge Bryant's calculations, and the Court finds no error in Judge Bryant's conclusions.  Even applying the applicable tolling provisions to Petitioner's properly filed applications, she still failed to timely file the present petition.

Petitioner argues briefly in her objections that her "administrative segregation" in jail limited her access to the law library, thereby justifying equitable tolling of the limitations period.  However, petitioner fails to raise any "extraordinary circumstances" beyond her control that would make it impossible to file a proper and timely petition.  *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).  Therefore, equitable tolling is not warranted under these circumstances.

The Court overrules Plaintiff's objections and adopts Judge Bryant's Report and Recommendation in its entirety.  For the above reasons, as well as those contained in the Report and Recommendation, Plaintiff's Petition (ECF No. 1) should be and hereby is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**, this 14th day of August, 2012.

/s/ Susan O. Hickey  
Hon. Susan O. Hickey  
United States District Judge