IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF ARKANSAS
TEXARKANA DIVISION

AMBER YBARRA                                                                                      PETITIONER

VS.                                      CIVIL NO. 4:11-CV-4097

RAY HOBBS, Director,
Arkansas Department of Correction                                                          RESPONDENT

# ORDER

By its Order of August 20, 2012, the Court adopted the Report and Recommendation of the Magistrate Judge denying Petitioner's Petition for Writ of *Habeas Corpus*. (ECF No. 14). Thereafter, Petitioner filed a Notice of Appeal (ECF No. 15) and a Motion for Certificate of Appealability (COA). (ECF No. 16).

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, 28 U.S.C.A. foll. §2254, "the district court must issue or deny a [COA] when it enters a final order adverse to the applicant." The COA determination is made according to the standard set out in 28 U.S.C. § 2253(c). *Id.* To obtain a COA, a petitioner generally must make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 880, 893 ( 1983)). However, this "substantial showing" is subject to a distinction between *habeas* petitions that are dismissed on the merits and those that are dismissed on procedural grounds. *Slack*, 529 U.S. at 484.

When a district court denies a *habeas* petition by rejecting the underlying constitutional claims, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional issue wrong. *Id.* The issue becomes more complicated when the

court dismisses the petition on procedural grounds, as is the case here. When a district court denies a *habeas* petition on procedural grounds without reaching the prisoner's claims on the merits, a COA should issue if the prisoner shows two components: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Since both components must be shown, the Court will look first to the component whose answer is more apparent from the record and arguments, i.e., the procedural ruling. The Supreme Court encourages the resolution of procedural issues first considering the well-established principle that a court will not decide a constitutional question if there is some other ground upon which to dispose of the case. *Northwest Austin Mun. Utility Dist. No. One v. Holder*, 557 U.S. 193, 205 (2009).

In this case, the Magistrate Judge's well-reasoned Report and Recommendation (ECF No. 12) found that Petitioner's Petition for Writ of *Habeas Corpus* (ECF No. 1) is barred by the statute of limitations under 28 U.S.C. § 2244(d)(1)(A). After carefully considering, and excluding under § 2244(d)(2), the time during which Petitioner had pending applications for state postconviction relief, Petitioner's Petition in this Court still falls outside of the limitations period. Petitioner also fails to show sufficient cause for equitably tolling the statute. The Court agrees with the Magistrate's findings and holds that reasonable jurists would not find this Court's procedural ruling debatable. *Slack,* 529 U.S. at 484 (2000). Therefore, Petitioner's Motion for Certificate of Appealability should be and hereby is **DENIED**.

IT IS SO ORDERED, this 28th day of September 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge